HALPERN v. BROOKLYN SAVINGS BANK et al.

(Supreme Court, Appellate Division, Second Department. October 27, 1911.)

Appeal from Special Term, Kings County.

Action by Louis Halpern against the Brooklyn Savings Bank and others. Judgment dismissing the complaint, and plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Jacob W. Kahn, for appellant.
J. Albert Lane, for respondents.

PER CURIAM. Judgment affirmed, with costs. JENKS, P. J., and CARR, WOODWARD, and RICH, JJ., concur.

THOMAS, J. (dissenting). The Fein-Ball Company, on July 19, 1909, borrowed $80,000 from the Brooklyn Savings Bank, secured by mortgage, and $1,000 of it was delivered by the mortgagor to the Title Guarantee & Trust Company, to be held until consents were

obtained to the maintenance of a retaining wall encroaching on adjoining land, or, if such consents could not be obtained, until another retaining wall was erected, and in default of either of these things the money less expenses was returnable to the Fein-Ball Company, "or, at the option of the mortgagee, * * * to apply the said money on account of the reduction of the principal of said mortgage." Pursuant to a contract of sale dated April 29, 1910, the Fein-Ball Company by deed dated June 6, 1910, conveyed the premises to one Brown, who later conveyed to Craig. The grant to Brown was in consideration of $100,000, $80,000 of which was to be, and was, met by deducting the mortgage at the stated amount of $80,000, and was subject to the encroachment. On September 1, 1910, the Title Guarantee & Trust Company paid the money to the mortgagee, and it was applied on the mortgage, thereby reducing it to $79,000. This action is to restore the lien of the mortgage to $80,000, to enable the mortgagee's assignee to have the benefit of the $1,000. The learned trial justice considered that:

"The agreement for the deposit and removal of the encroachment or reduction of the mortgage inured to the benefit of Brown."

Brown was an absolute stranger to the agreement, and solemnly agreed to take the land with its encroaching wall, and to make the land a primary recourse for $80,000. And yet it has been decided that the $1,000 shall be taken from the mortgagor, and that it was properly applicable towards the discharge of the mortgage. The money stood in the place of the encroachment. Brown agreed to take the land burdened with the encroachment, and yet he gets the benefit of the $1,000. Hence the contract of the Fein-Ball Company is recast, so that Brown is paid for an encroachment, which he assumed, and the mortgage, which he used to meet $80,000 of the purchase price, is in part paid with the money of his grantor. So Brown, instead of assuming the encroachment, as he said that he would, is paid for it, and, instead of paying $100,000 for the property, pays for it $99,000.

In accord with such decision, if the whole $80,000 had been withheld, as was the $1,000, Brown would have had his mortgage paid in its entirety, at the expense of his grantor, although the parties appointed the land to the payment of the whole $80,000, and the company would receive but $20,000 for its land, although it sold it for $100,000. The money belonged to the Fein-Ball Company, and was delivered in trust for a purpose quite remote from Brown. The purpose failed, and the money was payable to the company, unless the mortgagor exercised an option to receive and apply it. Meanwhile the land was sold under an agreement that gave the purchaser no legal or equitable right to the money, and to apply it on the mortgage is to take it from the Fein-Ball Company and give it to Brown. It would be strange if a court of equity were so feeble that it could not protect the mortgagee, and save the Fein-Ball Company from paying in part what its grantee agreed that his land should pay.

It is a simple matter to decree that the application of the money to the mortgage shall not discharge it as to the land, but that it shall

be held as a secondary security for the debt of $80,000. This does not harm the mortgagee, and Brown, or his successor in title, is thereby compelled to do what he agreed to do, and is not helped to avoid doing it by use of the money of the party to whom he made the promise to do it. As the matter stands, the purchaser does exactly the opposite of what he agreed to do, and the Fein-Ball Company, or its assignee, is deprived pro tanto of the consideration promised it, with the result of enabling the purchaser to avoid the fulfillment of his promise.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs.